# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

               v.

GOLDEN VALLEY LENDING, INC.,
SILVER CLOUD FINANCIAL, INC.,
MOUNTAIN SUMMIT FINANCIAL,
INC., AND MAJESTIC LAKE
FINANCIAL, INC.,

        Defendants.

Civil Case No. 2:17-cv-02521-CM-JPO

Hon. Carlos Murguia

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS

Defendants have filed a motion to dismiss based on several fundamental defects in this case—including that the Consumer Financial Protection Bureau (CFPB or Bureau) lacks jurisdiction over Defendants, which are entitled to treatment as sovereigns.  ECF No. 61 (Second Am. Defs.' Mot. to Dismiss).  Because Defendants' motion to dismiss is likely to resolve this case—and because the CFPB has conceded that discovery is not necessary for this Court's resolution of that dispositive motion—the Court should exercise its "sound discretion" to keep the current stay in place until it rules on the motion to dismiss.  *See Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-KHV, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (O'Hara, J.).

Courts in this district may stay discovery where any one of four factors is present: (1) the dispositive motion is likely to resolve the entire case; (2) discovery is not necessary to support or

1

oppose issues raised in the dispositive motion; (3) discovery on the issues in the complaint would be burdensome or wasteful; or (4) the party seeking the stay raises issues of immunity from suit in the dispositive motion. *Woltkamp v. Kansas*, No. 16-2790-JAR, 2017 WL 373381, at *1 (D. Kan. Jan. 26, 2017) (O'Hara, J.) (granting motion to stay discovery pending motion to dismiss); *Citizens for Objective Pub. Educ.*, 2013 WL 6728323, at *1 (same). Here, *all* of those factors weigh in favor of a stay.

The first and fourth of these factors are satisfied because Defendants' motion to dismiss demonstrates that the CFPB lacks the statutory authority to file suit against the economic development arms of a sovereign Indian nation. "In this circuit, respect for Indian sovereignty means that federal regulatory schemes do not apply to tribal governments exercising their sovereign authority absent express congressional authorization." *Dobbs v. Anthem Blue Cross & Blue Shield*, 600 F.3d 1275, 1283 (10th Cir. 2010); *see also NLRB v. Pueblo of San Juan*, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc). As explained in the memorandum in support of Defendants' motion to dismiss, neither the Consumer Financial Protection Act (CFPA) nor the Truth in Lending Act (TILA) contains "express congressional authorization" to sue sovereign Indian tribes. *See* ECF No. 62 (Am. Mem. in Supp. of Defs.' Mot. to Dismiss ("Mem.")) at 7-9, 24-25. Further, both statutes make clear that their reach extends only to "persons," and more than a century of Supreme Court precedent establishes that the term "person" presumptively excludes sovereign entities like Defendants. *See, e.g.*, *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000); *see also* Mem. at 9-12. The CFPA and TILA accordingly do not apply to Defendants, and Defendants are immune from suit under these statutes, making continuation of the current stay especially appropriate. *See* Mem. at 8-9, 23-25; *Woltkamp*, 2017 WL 373381, at *1; *see also Gingras v. Rosette*, No. 5:15-cv-101, 2016 WL 4442792, at *8 (D. Vt.

Aug. 22, 2016); *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 WL 60216, at *4-5 (D. Nev. Jan. 7, 2014); *Colorado ex rel. Suthers v. W. Sky Fin., L.L.C.*, No. 11-cv-00887-REB-KMT, 2011 WL 2457861, at *2 (D. Colo. June 20, 2011). And for these reasons—and many others set forth in the motion to dismiss, *see* Mem. at 15-23, 25-30—Defendants are likely to prevail on their motion, such that the case is "likely to be finally concluded via the dispositive motion." *Woltkamp*, 2017 WL 373381, at *1.

The other two factors also weigh in favor of keeping the current stay in place. Defendants' motion raises pure issues of law, and factual development is thus unnecessary to support or oppose issues raised in the motion. *Id.*; *see Fattaey v. Kan. State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016) ("[B]ecause the pending dispositive motion is a Motion to Dismiss . . . that motion will be decided on the sufficiency of Plaintiff's [Complaint] rather than the weight of factual evidence presented by the parties."). Indeed, the CFPB has conceded as much by agreeing to postpone discovery until briefing on Defendants' motion to dismiss is complete. ECF No. 50 (Joint Mot. for Extension of Time). It is thus difficult to imagine why this Court should lift the current discovery stay for the (potentially brief) period between the close of briefing and the Court's ruling on that dispositive motion.

Indeed, the Court may well find that the Bureau lacks enforcement authority over Defendants. As a result, allowing the CFPB to obtain discovery from Defendants between the close of briefing and the Court's ruling on the motion to dismiss would not just be unnecessary—it would risk imposing unwarranted and burdensome discovery obligations on a sovereign Indian nation and its economic development arms. *See Gingras*, 2016 WL 4442792, at *8. The CFPB, by contrast, will not suffer any conceivable prejudice if the current stay remains in effect pending

3

disposition of Defendants' motion to dismiss.  If any part of this case survives the motion to dismiss, the Bureau will be able to get all the discovery to which it is entitled at that juncture.

## CONCLUSION

WHEREFORE, Defendants respectfully move this Honorable Court to grant their motion to stay further proceedings in this case, including, without limitation, discovery and the setting of a conference under Federal Rule of Civil Procedure 26(f), thereby keeping the current stay in effect pending resolution of Defendants' motion to dismiss.

ARMSTRONG TEASDALE LLP


By: __/s/ *Paul Croker*_____
     Paul Croker    #21627
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (facsimile)
     pcroker@armstrongteasdale.com

4

WILKINSON WALSH + ESKOVITZ LLP

Beth A. Wilkinson   DC Bar #462561
*Admitted Pro Hac Vice*
Brant W. Bishop, P.C.  DC Bar #459255
*Admitted Pro Hac Vice*
Lori Alvino McGill   DC Bar #976496
*Admitted Pro Hac Vice*
Rakesh Kilaru    DC Bar #1015310
*Admitted Pro Hac Vice*
2001 M. Street NW, 10th Floor
Washington, DC 20036
202-847-4035
202-847-4005 (fax)
bwilkinson@wilkinsonwalsh.com
bbishop@wilkinsonwalsh.com
lalvinomcgill@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 10, 2017, a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS was served on all counsel of record via the CM/ECF system of the United States District Court for District of Kansas.


/s/ *Paul Croker*
*Attorney for Defendants*