**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-2521-JAR-JPO |
| | ) | |
| GOLDEN VALLEY LENDING INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**THE STATE OF NEW MEXICO'S BRIEF AS *AMICUS CURIAE* IN**
**SUPPORT OF DEFENDANTS' SECOND AMENDED MOTION TO DISMISS**

### I.      Statement of Interest.

New Mexico is a sovereign state that appears as *amicus curiae* in support of Defendants' Second Amended Motion to Dismiss. In this and other actions, the Consumer Financial Protection Bureau (CFPB) has asserted the authority to regulate other sovereigns—both States and Tribes—when providing financial services to consumers. The CFPB's position awkwardly establishes New Mexico as the regulator and regulated under the Consumer Financial Protection Act (CFPA). New Mexico both acts as a regulator of the CFPA, including pursuant to a Memorandum of Understanding (MOU) with the Habematolel Pomo of Upper Lake and, per the CFPB's interpretation, is subject to regulation under the CFPA when the State offers financial services like student loans and mortgage financing.

### II.      Nature of the Action.

The CFPB brought this action to enjoin and punish alleged violations of the CFPA and the Truth in Lending Act. (Compl. Permanent Inj. & Other Relief, ¶ 1 (ECF No. 1).) Defendants are lending companies owned and operated by the Habematolel Pomo of Upper Lake Tribe. (*Id.*, ¶ 7.) In its Complaint, the CFPB alleges that Defendants, despite being tribally-owned and operated

businesses, are "covered persons" subject to regulation under the CFPA. (*Id.*, ¶¶ 13, 19, 24, 29.) Among other alleged violations, the CFPB also contends that Defendants' loans to New Mexicans violate New Mexico law where they are issued without obtaining the proper state license. (*Id.*, ¶¶ 119, 121(k).)

Defendants have filed a motion to dismiss on the grounds that, among other things, the CFPB's enforcement authority does not extend to tribes. (Second Am. Defs.' Mot. Dismiss (ECF No. 61); Am. Mem. Support Defs.' Mot. Dismiss at 7–15 (ECF No. 62).) New Mexico files this brief as *amicus curiae* in support of Defendants' motion to dismiss.

### III.    Issue Presented.

Whether States and Tribes are considered "persons" against whom the CFPB may bring civil actions under 12 U.S.C. § 5564(a).

### IV.    Argument.

a. <u>The Consumer Financial Protection Act Should Not Be Read as Permitting the Regulation of States and Tribes Without a Clear Statement of Congressional Intent, Which Does Not Exist in the CFPA.</u>

In this case and elsewhere, the CFPB has argued that it has the authority to regulate sovereign entities. This includes a claimed authority to regulate states. Br. Pet. CFPB at 30, *CFPB v. Great Plains Lending, LLC*, No. 14-55900 (9th Cir. Feb. 20, 2015) ("[S]tates and state-owned companies are neither exempt from regulation under the CFPA, nor exempt from complying with the Bureau's CIDs."). If the CFPB's position is validated, the Bureau will have both regulatory and investigative power over States and Tribes. That is, the CFPB asks to both be allowed to sue sovereign entities for money damages (including civil penalties) and injunctive relief, *see* 12 U.S.C. § 5564(a), and to force state and tribal officials to testify and create records for federal investigations, *see* 12 U.S.C. § 5562(b)(1), (c)(1).

For a federal agency to regulate and investigate States and Tribes, Congress must have

2

provided explicit authority for the agency's actions. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985) ("Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute."); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) ("Congress' intent to abrogate the States' immunity must be obvious from a clear legislative statement.") (internal quotation marks and citation omitted). These interpretative presumptions against subjecting sovereigns to suit apply specifically when determining the meaning of the term "person." As the Supreme Court held in interpreting the False Claims Act, "[w]e must apply to this text our longstanding interpretive presumption that 'person' does not include the sovereign." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000).

The CFPA does not contain the clear statement necessary to subject States and Tribes to regulation. The Act establishes both investigative and enforcement powers for the CFPB. The Bureau can issue civil investigative demands requiring "any person" to provide documents or information relevant to a violation of the CFPA. 12 U.S.C. § 5562(c). Likewise, the CFPA permits the Bureau to commence a civil action for legal and equitable relief against "any person" who violates a Federal consumer financial law. 12 U.S.C. § 5564(a). The "persons" whom the CFPB may investigate and prosecute are defined as "an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity." 12 U.S.C. § 5481(19). By contrast, the CFPA includes a separate definition of "State," which includes "any State, territory, or possession of the United States … or any federally recognized Indian tribe…." 12 U.S.C. § 5481(27).

Reading these two definitions together, there is no clear legislative statement that extends the CFPB's authority to sovereign entities. As the definition of "State" demonstrates, Congress

3

was aware how to define a term so as to include governmental entities, including States and Tribes. Yet when Congress defined the "persons" whom CFPB can investigate and sue, it did not list any governmental entities and only obliquely lists "other entit[ies]" as among those who are subject to regulation under the CFPA. As a result, it should be presumed that Congress's omission of States and Tribes from the definition of "person" was an intentional exclusion of sovereign entities. *See Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks, ellipsis, and citation omitted)).

If the CFPA were interpreted to permit enforcement against state entities, it would interfere with New Mexico and other states' efforts to promote their economies and the public welfare. New Mexico has numerous government programs, such as the student loans issued by its universities and the lending assistance offered by the New Mexico Finance Authority and the New Mexico Mortgage Finance Authority, that are subject to suit—and even injunction—under the CFPB's interpretation. This threat of litigation could stifle innovative, future efforts to provide for states' (and tribes') residents, like the state-run Bank of North Dakota. *See* Eric Hardmeyer, "Bank of North Dakota Aims at Diversifying the State's Economy," *Prairie Business Magazine*, July 10, 2017, *available at* http://www.prairiebusinessmagazine.com/business/4295236-bank-north-dakota-aims-diversifying-states-economy (accessed Nov. 25, 2017). Without clear statutory language, it should not be inferred that the CFPA permits the Bureau to prohibit government programs and enjoin the sovereign entities that establish them.

        b.   <u>The Consumer Financial Protection Act's Creation of States and Tribes as Co-Regulators with the Federal Government Suggests That States and Tribes Should Not Be Included as Regulated Entities.</u>

In the Consumer Financial Protection Act, Congress contemplated that States and Tribes

would assist the Federal Government as co-regulators of financial protection laws. The Act provides that the CFPB "shall coordinate with … State[1] regulators, as appropriate, to promote consistent regulatory treatment of consumer financial investment products and services." 12 U.S.C. § 5495. Other provisions in the CFPA also contemplate coordination between federal, state, and tribal regulators. *See e.g.,* 12 U.S.C. § 5493(b)(3)(B), (c)(2)(B), (e)(1)(C), (g)(3)(E); 12 U.S.C. § 5514(b)(3); 12 U.S.C. § 5515(e)(2). Indeed, the CFPB has issued a policy confirming its intent to coordinate regulation with tribal governments. *See* Policy for Consultation With Tribal Governments (Apr. 22, 2013), available at https://www.consumerfinance.gov/about-us/blog/working-with-tribal-governments/ (accessed Nov. 25, 2017).

New Mexico also has taken steps to coordinate its consumer protection efforts with tribes. In particular, the State, through its Attorney General, has entered into a MOU with the Habematolel Pomo of Upper Lake to share information confidentially between the two governments. In this MOU, the parties agree that the Attorney General enters into this MOU out of respect for the sovereignty of the Tribe; in recognition that Tribal Lending Enterprises are an important component of economic development for Indian tribes; and to continue the era of tribal-state cooperation in areas of mutual concern between the Attorney General and Indian tribes. Interpreting the CFPA to allow the regulation of states and tribes will imperil these coordination efforts by discouraging information sharing that could later be used against the state or tribe in an enforcement effort.

The CFPB's interpretation poses a particular concern where, as here, the Bureau's enforcement action alleges or hinges upon a violation of state law. (*See* Compl. Permanent Inj. &

---

[1] As noted above, "State" is defined to include federally recognized Indian tribes. 12 U.S.C. § 5481(27).

Other Relief, ¶¶ 111–31 (ECF No. 1).) The CFPA limits the Bureau's enforcement authority to "unfair, deceptive, or abusive act[s] or practice[s] under *Federal* law…." 12 U.S.C. § 5531(a) (emphasis added); *see also* 12 U.S.C. § 5536(a) (prohibiting violations of "Federal consumer financial law"). The enforcement of state and tribal consumer laws is left to States and Tribes. Alleged violations of federal consumer protection laws that are predicated on the violation of state law should be enforced by joint efforts between federal and state agencies. The CFPB's interpretation of its enabling act would instead leave States and Tribes as regulated entities, not co-regulators of their own consumer protection laws. Such a dramatic result should, at a minimum, require the clear declaration of Congress which is lacking in the CFPA.

**V.      Conclusion.**

Therefore, the State of New Mexico supports Defendants' Second Amended Motion to Dismiss the CFPB's Complaint.

Respectfully submitted,

*/s/ Tyler C. Hibler*

Tyler C. Hibler,                          KS #61317
Sanders Warren Russel & Scheer LLP
9401 Indian Creek Parkway, Ste. 1250
Overland Park, KS  66210
P: (913) 234-6100 / F: (913) 234-6199
t.hibler@swrsllp.com

and

Tania Maestas (*Pro Hac Vice*)
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM  87504-1508
P: (505) 490-4048 / F: (505) 717-3600
tmaestas@nmag.gov
***Attorneys for the State of New Mexico***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of November, 2017, a copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Stephen Jacques, Esq.
Gabriel Sean Harris Hopkins, Esq.
Vanessa Anne Buchko, Esq.
Consumer Financial Protection Bureau
1700 G Street NW
Washington DC  20552
202-435-7000
Stephen.jacques@cfpb.gov
Gabriel.hopkins@cfpb.gov
Vanessa.buchko@cfpb.gov
**ATTORNEYS FOR PLAINTIFF**

Paul Croker, Esq.
Armstrong Teasdale LLP
2345 Grand Blvd., Ste. 1500
Kansas City, MO  64108-2617
816-221-3420 / F: 816-221-0786
pcroker@armstrongteasdale.com

Beth A. Wilkinson, Esq.
Brant W. Bishop, Esq.
Lori Alvino McGill, Esq.
Rakesh Kilaru, Esq.
Wilkinson Walsh & Eskovitz LLP
2001 M. Street NW, 10th Floor
Washington DC  20036
202-847-4035 / F: 202-847-4005
bwilkinson@wilkinsonwalsh.com
bbishop@wilkinsonwalsh.com
lalvinomcgill@wilkinsonwalsh.com
rkilaru@wilksonwalsh.com
**ATTORNEY FOR DEFENDANTS**

Nathaniel A. Dulle, Esq.
Wallace Saunders
10111 W. 87th Street
Overland Park, KS  66212
913-888-1000 / F: 913-888-1065
ndulle@wallacesaunders.com
**ATTORNEYS FOR NATIVE AMERICAN FINANCIAL SERVICES ASSOCIATION**

Gregory P. Goheen
McAnany, Van Cleave & Phillips, P.a.
10 E. Cambridge Circle Dr., Ste. 300
Kansas City, KS  66103
913-371-3838 / F: 913-371-4722
ggoheen@mvplaw.com
**ATTORNEYS FOR STATE OF OKLAHOMA, OFFICE OF THE ATTORNEY GENERAL**

*/s/ Tyler C. Hibler*
Attorney